**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff, No. 22-MJ-1291 JFR

v.

SHAHEEN SYED,

Defendant,

**MOTION FOR REVIEW AND REVOCATION OF DETENTION ORDER**

Pursuant to 18 U.S.C. § 3145(b), Defendant Shaheen Syed respectfully moves the District Court for review and revocation of the detention order entered in this case on August 15, 2022 (Doc. 15) as amended by Order dated August 18, 2022. Doc. 16.[1] As an initial matter, the United States failed to make the threshold showing required by 18 U.S.C. § 3142(f) to establish its entitlement to a detention hearing. The crime with which Defendant is charged is not one that renders him eligible for detention pursuant to 18 U.S.C. § 3142(f)(1) and in requesting a detention hearing the United States made no such argument to the Magistrate Court. Nor did the United States argue that Defendant poses a "serious risk" of flight or obstruction of justice under § 3142(f)(2). Moreover, the Magistrate Court made no finding that Defendant's case involved an offense described in § 3142(f)(1)(A-E), nor did it find that Defendant presented either a serious risk of flight or a likelihood of obstruction of justice under § 3142(f)(2). Accordingly, Defendant is not eligible for detention as a matter of law.

[1] Pursuant to D.N.M. LR-Crim. 47.1 and 47.3, the United States opposes this motion. Defendant advised Pretrial Services by email of its intention to file this motion, but at the time of filing had not received a position. Accordingly, Defendant presumes that Pretrial Services opposes this motion.

Even if the United States were entitled to a detention hearing, it has failed to carry its burden under § 3142(e) of establishing by clear and convincing evidence that Defendant represents a danger to any person and to the community and that no condition or combination of conditions can reasonably mitigate that danger. Specifically, the Magistrate Court placed undue weight on uncharged conduct in finding Defendant to represent a danger to the community.

## I. Procedural Background

On August 9, 2022, the United States charged Defendant in a criminal complaint with making a false statement with respect to the information required to be maintained in the records of a federal firearms licensee ("FFL") in violation of 18 U.S.C. § 924(a)(1)(A). Doc. 1. According to the affidavit submitted in support of the criminal complaint, on or about June 11, 2021, Defendant purchased two firearms from Omni Firearms, an FFL in Albuquerque, New Mexico. In the process of doing so, Defendant is alleged to have completed an ATF Form 4473 on which his place of residence reflected an address in Hallandale Beach, Florida. The complaint alleges that at that time he made this representation, Defendant did not in fact reside in Hallandale Beach, Florida, but in Albuquerque, New Mexico. The complaint further alleges that Defendant made this misstatement knowingly.

On August 10, 2022, Defendant made an initial appearance before United States Magistrate Judge Robbenhaar. After advising Defendant of the charges against him and completing the other required elements of an initial appearance under Federal Rule of Criminal Procedure 5(d)(1), the Magistrate Court inquired of the United States whether it would be seeking detention. The United States responded in the affirmative, but requested a delay in the detention hearing due to unavailability of the assigned AUSA. In making this request, the United States did not articulate the statutory basis for its request under § 3142(f). Nonetheless, the

Magistrate Court stated that it would schedule a detention hearing and ordered Defendant remanded pending that hearing. But the Magistrate Court considered no evidence and made no finding concerning the statutory basis for holding a detention hearing.[2] Specifically, the Magistrate Court made no finding that the crime with which Defendant was charged involved ant of the elements set forth in § 3142(f)(1)(A-E), nor did it find that Defendant posed a serious risk of flight or obstruction of justice. The Magistrate Court then issued an oral order of temporary detention (Doc. 6) and set a detention hearing for August 15, 2022. Doc. 8.

On August 11, 2022, the United States filed a written motion to detain Defendant pursuant to 18 U.S.C. § 3142(e). Doc. 12. The United States' motion contained no explanation of Defendant's eligibility for detention under § 3142(f)(1) or (2). Instead, the United States' motion proceeded directly the test for detention under § 3142(e). In that respect, the motion rested largely on the contention that Defendant represents a danger to the community. In particular, according to the United States, Defendant is believed to have had some involvement in one or more recent high-profile murders of Muslim men in the Albuquerque area—crimes with which Defendant's father has been charged in state court. *See id.* at 1-7. The United States' motion to detain also highlighted several other recent interactions between Defendant and law enforcement, including a road rage incident in which Defendant's brother fired multiple gunshots at another vehicle, as well as an incident in which the police were called to Defendant's residence in response to a report of domestic violence. *Id.* at 10-13. The United States further contended that Defendant represented a flight risk due to his ties to a foreign country. *Id.* at 12.

[2] This recitation of the statements made at the initial appearance is based on counsel's review of the audio recording of that proceeding. Counsel has requested that a written transcript be prepared based on that recording and the same will be filed with the Court in support of this motion as soon as it becomes available.

Defendant filed a written response to that motion on August 13, 2022. Doc. 13. Defendant argued, inter alia, that the evidence of Defendant's involvement in the recent Albuquerque murders was thin and speculative, and that the Court should give allegations of uncharged conduct comparatively little weight in the determination of dangerousness under 18 U.S.C. § 3142(e). Defendant's response also argued that Defendant's status as an immigrant does not make him a flight risk and that his alleged failure to appear in response to a summons also cannot support a determination that Defendant represents a risk of flight because he never received that summons.

On August 15, the Magistrate Court convened a preliminary and detention hearing. At that hearing, the United States presented testimony from ATF Special Agent Brenton Hutson and FBI Special Agent Brian McManus. Agent Hutson testified both about the broader investigation into the recent Albuquerque murders as well as the investigation into Defendant's alleged misrepresentation on the ATF Form 4473. Agent Hutson detailed the evidence supporting the allegation that Defendant's representation of his address on that form was a knowing misstatement. As relevant only to the question of detention, Special Agent McManus testified concerning cell site location information obtained for both Defendant's phone and Defendant's father's phone, which information allegedly placed both phones in the vicinity of the murder committed on August 5, 2022.

Following the preliminary hearing, the Magistrate Court concluded that probable cause existed to bind Defendant over for trial on the offense alleged in the Complaint. On the question of detention, the Magistrate Court found that the United States had not proven by a preponderance of the evidence that Defendant represented a risk of non-appearance. *See* Doc. 15. The Magistrate Court also found, however, that the United States had proven by clear and

convincing evidence that Defendant represents a danger to the community. *Id.* In so doing, the Magistrate Court found that the evidence of the charged crime was strong, but it also placed particular weight on other interactions between Defendant and law enforcement, including the road rage incident described above, as well as the domestic violence incident in which police were called to Defendant's home.

On this basis, the Magistrate Court issued an order that Defendant be detained pending trial pursuant to 18 U.S.C. § 3142(e). Doc. 15. That original detention order checked the box indicating that Defendant's eligibility for detention was based on 18 U.S.C. § 3142(f)(2) (*i.e.*, a serious risk of flight or obstruction of justice). *Id.* On August 18, however, the Magistrate Court issued an Amended Order of Detention, which checked the box indicating that Defendant's eligibility for detention was in fact based on § 3142(f)(1). Doc. 16. The Magistrate Court provided no explanation concerning the legal or factual basis for this amendment.

## II. Standard of Review

18 U.S.C. § 3145(b) provides that a person subject to an order of detention pending trial "may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." When the district court reviews an order of detention under this section, such review is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n.1 (10th Cir. 2003). "When the district court acts on a motion to revoke or amend a magistrate's pretrial detention order, the district court acts de novo and must make an independent determination of the proper pretrial detention or conditions for release." *United States v. Castanon-Perez*, 347 F. Supp. 3d 661, 667 (D.N.M. 2018). On such a motion, the district court may rely on the evidence presented at the original detention hearing and may also entertain additional evidence. *See*

*United States v. Garcia*, 445 F. App'x 105, 108 (10th Cir. 2011). A motion under § 3145(b) "shall be determined promptly."

## III. Argument

### *A. The United States Was Not Entitled to a Detention Hearing Under 18 U.S.C. § 3142(f).*

The Bail Reform Act "establishes a two-step process for detaining an individual before trial." *United States v. Ailon-Ailon*, 875 F.3d 1334, 1336 (10th Cir. 2017). To detain a defendant pending trial, the Government must make a threshold showing (and the court must find) that the defendant is even eligible for detention under 18 U.S.C. § 3142(f). Section 3142(f) provides that the Defendant is only eligible for a detention hearing if: (1) the charged offense involves one of the categories enumerated in § 3142(f)(1)(A-E); or (2) the Defendant poses a serious risk of flight or obstruction of justice as provided in § 3142(f)(2). As the Tenth Circuit has explained "the government may move for pre-trial detention if the defendant has been charged with certain enumerated offenses or 'in a case that involves a serious risk that such person will flee; or a serious risk that such person will obstruct or attempt to obstruct justice…'" *Ailon-Ailon*, 875 F.3d at 1336 (cleaned up). Only if a court finds the requirements of § 3142(f) to be satisfied may it convene a detention hearing and proceed to the analysis of dangerousness and flight risk under § 3142(e). *Id.* ("*If the court determines that there is such a risk* [pursuant to § 3142(f)(2)], the government must prove at the second step of the process that [pursuant to § 3142(e)] there 'is no condition or combination of conditions' that 'will reasonably assure the [defendant's] appearance . . . as required [as well as] the safety of any other person and the community.'") (emphasis added) (first two alterations added).

Here, when it orally requested a detention hearing at the initial appearance, the United States offered no explanation of the basis for its request under § 3142(f), nor did it offer any

evidence or legal argument that would support a threshold finding of entitlement to a detention hearing under that section.[3] Likewise, prior to ordering the detention hearing, the Magistrate Court considered no evidence, and made no finding, under § 3142(f) that would support convening a detention hearing. In the absence of any such finding, or any evidence to support such a finding, the Magistrate Court and the Government essentially skipped over the first step in the detention inquiry. This constitutes legal error. *See Ailon-Ailon*, 875 F.3d at 1336.

Further, the United States' motion to detain does not identify the predicate under § 3142(f) on which it relied to seek a detention hearing. In particular, the motion does not allege that the charged offense falls into any of the categories reflected in 18 U.S.C. § 3142(f)(1)(A-E). Indeed, the charged offense does not fall into any of these categories. As a result, Defendant is not eligible for detention pursuant to 18 U.S.C. § 3142(f)(1). This is true as a matter of law notwithstanding the Magistrate Court's subsequent determination that Defendant represents a danger to the community. *United States v. Byrd*, 969 F.2d 106, 110 (5th Cir. 1992) ("[E]ven after a hearing, detention can be ordered only in certain designated and limited circumstances, irrespective of whether the defendant's release may jeopardize public safety."); *United States v. Alcorta-Ambriz*, No. 20-mj-01328, 2020 U.S. Dist. LEXIS 175564, at *14 (D.N.M. Sep. 24, 2020) (citing *Byrd* for proposition that "a defendant cannot be detained on the basis of danger to society alone.").

Nor can the United States seek to establish that the charged offense "involves" one of the § 3142(f)(1) categories through reliance on uncharged conduct. *See United States v. Watkins*, 940 F.3d 152, 164 (2d Cir. 2019) ("We reject this interpretation of the word 'involves' in § 3142(f)(1) as permitting consideration of related, but uncharged, conduct."). Even those courts

[3] At the initial appearance, counsel for the United States referenced § 3142(f)(2)(b), but only did so in the context of requesting a continuance of the detention hearing.

that have permitted consideration of uncharged conduct in determining whether a crime "involves" the circumstances reflected in § 3142(f)(1) (A-E) require "proof of a nexus between the non-violent offense charged and one or more of the six § 3142(f) factors." *Byrd*, 969 F.2d at 110. Here, the United States has shown no such nexus between Defendant's allegedly false statements on the ATF Form 4473 and any of the § 3142(f)(1) eligibility categories.

Nor can the United States rely on the risk of flight provision in § 3142(f)(2)(a) to support Defendant's detention. While the motion to detain assessed Defendant as a flight risk under § 3142(e), it contained no analysis under § 3142(f)(2), and the Magistrate Court made no such finding prior to granting the United States' request for a detention hearing. And at the detention hearing itself, the Magistrate Court determined that the United States has not proven by a preponderance of the evidence that Defendant poses a risk of flight. *See* Doc. 13.

The Magistrate Court's sua sponte and unexplained amendment to the detention order is similarly problematic. *See* Doc. 16. As explained above, the original detention order concluded that Defendant's eligibility for detention was predicated on § 3142(f)(2), which requires a finding that the Defendant poses a serious risk of flight or obstruction of justice. But the Magistrate Court made no such finding prior to ordering a detention hearing, and the United States offered no evidence that would support such a conclusion. The amended detention order changes the basis for Defendant's eligibility, indicating that he is in fact eligible for detention based on the charged offense involving one of the circumstances contained in § 3142(f)(1)(A-E). But this amended is similarly lacking in any foundation. When requesting a detention hearing, the United States never explained how the charged offense fits into one of the categories set forth in § 3142(f)(1). As such Defendant had no opportunity to present argument to the contrary. And prior to ordering the detention hearing the Magistrate Court made no finding that the charged

offense qualifies under that section. A retroactive amendment to the basis for finding Defendant eligible for detention raises significant due process concerns.

In summary, the detention inquiry is a two-step process that requires a threshold finding of Defendant's eligibility for detention. The Magistrate Court erred in ordering a detention hearing in this case because it considered no evidence and made no finding that would establish a legal basis for Defendant's eligibility for detention.

### *B. The Court Placed Undue Weight on Uncharged Conduct in Concluding Defendant Represents a Danger to the Community.*

Even if the Magistrate Court had properly conducted the first step of the two-step detention inquiry, it nonetheless erred in its conclusion under the second step of that inquiry. In that second step, the Court is required to determine whether Defendant poses a flight risk or a danger to the community. *See* 18 U.S.C. § 3142(e). In concluding that Defendant represents a danger to the community, the Magistrate Court focused heavily on Defendant's alleged involvement in two incidents that it characterized as "extremely violent" and "extraordinarily concerning."[4] The Magistrate Court also relied heavily on evidence of Defendant's supposed involvement in the murders with which his father has been charged in state court.

The Magistrate Court was wrong to place such heavy weight on the uncharged conduct reflected in police reports and elsewhere. Courts have regularly held that while uncharged conduct may be considered in evaluating a Defendant's dangerousness under § 3142(e), such conduct should be afforded substantially less weight than conduct that resulted in a conviction. *See United States v. Sanders*, 466 F. Supp. 3d 779, 786 (E.D. Mich. 2020) ("Uncharged conduct should be accorded comparatively less weight in assessing dangerousness."); *United States v.*

[4] These quotations are based on counsel's review of the audio transcript of the detention hearing. Should the Court deem it helpful, counsel will gladly have this audio transcribed for the Court's review.

*Lopez*, No. 18-cr-00466-BLF-12 (VKD), 2018 U.S. Dist. LEXIS 187541, at *6 (N.D. Cal. Nov. 1, 2018) ("the Court does not give substantial weight to uncharged conduct and conduct for which Mr. Lopez has not suffered a conviction'); *United States v. Purcell*, No. 18-cr-00506-BLF-1 (VKD), 2018 U.S. Dist. LEXIS 182792, at *6 (N.D. Cal. Oct. 23, 2018) (same); *see also United States v. Carrington*, No. 2:19-CR-59-PPS-JPK, 2020 U.S. Dist. LEXIS 74339, at *23 (N.D. Ind. Apr. 28, 2020) ("Even when courts do consider mere arrests, they typically place less weight upon them. In this instance, the Court places no weight on the uncharged conduct and does not rely upon it for purposes of today's analysis.").

Here, Defendant is charged with a non-violent offense that carries no presumption of detention, and has no criminal history. Nonetheless, in finding Defendant to be a danger to the community, the Magistrate Court made uncharged conduct the centerpiece of its § 3142(e) dangerousness analysis. On a do novo review of the Magistrate Court's decision, this Court should follow the prevailing case law and afford significantly less weight to this uncharged conduct. Doing so compels a finding that Defendant does not represent a danger to the community and that conditions of release may be fashioned to ensure the safety of the community.

*C. Defendant May Wish to Present Additional Evidence to the District Court.*

Counsel continues to investigate the uncharged incidents that caused the Magistrate Court such concerning, including the reported domestic violence incident at Defendant's residence. In the event that investigation yields evidence favorable to Defendant on the question of his dangerousness, Defendant would request the opportunity to present such evidence for the Court's consideration in the form of testimony at an evidentiary hearing.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court revoke the order of detention as to Defendant Shaheen Syed.

Respectfully submitted,
HOLLAND & HART LLP

By: */s/ John C. Anderson*
John C. Anderson
110 N. Guadalupe, Suite 1
Post Office Box 2208
Santa Fe, New Mexico 87504-2208
TEL: (505) 988-4421
FAX: (505) 983-6043

**Attorney for Defendant Shaheen Syed**

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Assistant United States Attorney Kimberly Brawley
**Counsel for United States**

Anthony Galaz
**United States Probation and Pretrial Services.**

*/s/ John C. Anderson*

John C. Anderson